## REPUBLIC ELECTRIC CO., Inc., et al. v. GENERAL ELECTRIC CO.

Circuit Court of Appeals, Third Circuit. January 11, 1929.

No. 3928.

Charles J. Holland, of New York City, for appellants.

Howson & Howson and Hubert Howson, all of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. ▇ The decree here on appeal is for contempt and runs against the Republic Electric Company, Inc., and Herman J. Jaeger. It was entered when an appeal from a decree for a preliminary injunction against these and other defendants was pending in this court. As Jaeger was on that appeal released from the preliminary injunction [27 F.(2d) 595], manifestly he cannot be held in contempt for violating an injunction from which he now stands discharged. Therefore the decree for contempt in so far as it affects Jaeger is reversed.

▇ Laying aside the appellee's motion to dismiss the appeal and going directly to the merits, it appears that the only debatable ground for reversal of the decree advanced by Republic Electric Company, the remaining appellant, is that it was not served with notice of the order to show cause why it should not be attached and punished for contempt in violating the preliminary injunction. That ordinarily would be enough; but the facts throw a different light on the case. They are briefly these:

The appellant was and still is defendant in a suit for infringement brought by the appellee. It appeared generally and defended on the motion for a preliminary injunction and was present by counsel when the court awarded the injunction. The plaintiff asserts with some force that the appellant has concealed the names of its directors and other officers. Certainly it no longer maintains in New Jersey a statutory agent upon whom service of process may be made. It may have been for these reasons that the learned court, in framing its order to show cause in the contempt proceeding, expressly provided that "service upon defendant's counsel (naming them) shall be deemed good and sufficient service." Pursuant thereto service was made upon its counsel. As, evidently, that was the only way of reaching the defendant (now appellant), and in view of the fact that the appellant was at all times in court on a general appearance, had participated in all antecedent proceedings, and had also appeared in the contempt proceeding and defended on the ground of want of service, thereby showing actual knowledge and notice of the outstanding order, and had failed to apprise the appellee or the court of the names of its directors and officers whereby more formal service might be made, we hold that the court was justified in directing service of the order to show cause upon the appellant's counsel and that in the circumstances it was a good service.

▇ The decree against the Republic Electric Company, Inc., must stand, but for what amount? The decree as framed is against two defendants for $1,000.00. It has been reversed as to one. In the absence of anything which shows that liability on the decree is joint and several, the decree against the Republic Electric Company, Inc., will be affirmed when reduced to $500.00. Costs of appeal to be divided and borne equally by the corporate parties.