STATE, Respondent, vs. NEVEAU, Appellant.

*November 9, 1940—January 7, 1941.*

The cause was submitted for the appellant on the brief of *Galin & Jacobson* of Milwaukee, and for the respondent on that of *Fred M. Wylie* of Madison.

ROSENBERRY, C. J. The principal question argued in this case is whether the injunction *pendente lite* was merged in the judgment, and if so, whether the appeal by the plaintiff stayed the judgment and continued the preliminary injunction pending the appeal. While there is some conflict of authority, the better rule is that a proceeding as for a civil contempt for the violation of a preliminary injunction after the same has been merged and dissolved by judgment in the principal action can-not be maintained for violation prior to its dissolution. *Canavan v. Canavan* (1914), 18 N. M. 640, 139 Pac. 154, 51 L. R. A. (N. S.) 972, note and cases cited. See also *Berthold-Jennings L. Co. v. St. Louis I. M. & S. R. Co.* (8th. Cir. 1935) 80 Fed. (2d) 32, 102 A. L. R. 688, 701. The rule would seem to apply with especial force in this case because here after the merits were litigated, plaintiff's prayer for a

permanent injunction was denied upon the merits. By the preliminary injunction the defendant was restrained in the manner specified "until further order." The authorities seem with practical uniformity to hold that "until further order" means further action by the court in the premises including entry of the final judgment. Inasmuch as the final judgment dismissed the action we see no escape from the conclusion that the preliminary injunction was merged and the matter disposed of. It does not appear from the allegations of the petition, upon which the motion for punishment for contempt was made, when the violation of the preliminary injunction took place. For that reason we do not have the question of whether a violation of the injunction prior to the time of its dissolution will be punished after its dissolution. See *Canavan v. Canavan, supra,* 51 L. R. A. (N. S.) 972, and note.

It is argued here on behalf of the state that the state having taken an appeal from the judgment in the main action, the appeal operated to stay the judgment under the provisions of sec. 274.26, Stats., leaving the preliminary injunction in force.

The record in this court is not complete. Apparently what happened was that, after entry of judgment in the circuit court and pending the appeal by the plaintiff, the defendant operated his shop in violation of the terms of the preliminary injunction whereupon this proceeding was begun to punish the defendant as for a civil contempt.

There is considerable conflict of authority as to when an action terminates depending somewhat upon the angle from which the question is approached. In some jurisdictions it is held that the rendition of a judgment terminates the action while in others the action is not regarded as terminated until the judgment is satisfied. It is considered that the correct rule is stated in *Tichenor v. Collins* (1883), 45 N. J. Law, 123, 124, where the court said:

"Now the technical legal termination of an action is the judgment. All subsequent writs, whether of execution or

*scire facias,* are new procedures, although founded upon the judgment. A suit till judgment is properly called an action, but not after." See also *Iowa Savings & Loan Asso. v. Chase* (1902), 118 Iowa, 51, 91 N. W. 807.

See also 1 C. J. S. p. 1421, § 143, and cases cited, 1 C. J. p. 1170, § 447, and cases cited. Judgment having been entered, the preliminary injunction expired by its own terms.

It may be argued in response to this holding that such a rule permits a person to perform an act forbidden by legislative enactment before the time when its validity is finally determined by an appellate court. No doubt the trial court has jurisdiction to continue the preliminary injunction pending the appeal. The situation, however, after the trial court has entered judgment holding a legislative act invalid is so fundamentally different from the situation which obtained prior to that time that continuance of the injunction is a matter which should be reconsidered by the trial court when judgment is entered. No injunction being in force under the facts of this case, the trial court was in error in punishing the defendant for an act committed in violation of the preliminary injunction after the entry of judgment.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to dismiss the petition.