[Civ. No. 12090.   First Dist., Div. One.   Dec. 22, 1942.]

VIRGINIA CUMMING METSON, Respondent, v. WILFRED G. METSON, Appellant.

P. H. McCarthy, Jr., for Appellant.

Sylvester J. McAtee for Respondent.

PETERS, P. J.—Defendant appeals from an order denying his motion to dismiss, vacate and set aside an order to show cause issued by the trial court on petition of plaintiff. The motion was made on several grounds, but on this appeal the sole argument made is that under the facts the petition for the order to show cause was insufficient, as a matter of law, and, as a result, the trial court had no jurisdiction to issue the order.

The pleadings disclose the following situation: In January, 1936, plaintiff secured in San Francisco a final decree of divorce from defendant. There was incorporated in the interlocutory decree a property settlement agreement made between the parties, under the terms of which defendant was to pay plaintiff $175 per month for her support until such time as she should remarry, plus the sum of $75 monthly

for the support of the two minor children of their marriage, Reuben and Wilfred. In addition, defendant agreed to pay plaintiff the sum of $7,500, at the rate of $100 a month, in satisfaction of loans made by plaintiff to defendant. At the time plaintiff filed her petition in the present proceeding in March of 1941 plaintiff had remarried, so that defendant was freed from the obligation of paying her $175 a month for her support. The agreement further provided that it was to act as a complete bar and defense to any action by either party to alter its terms. Custody of the two minor children was given to plaintiff, and the agreement provided that "as said children become older and the cost of their support, maintenance and education increases the husband will, if able, contribute such additional amounts for the care, support, maintenance and education of said children as may be reasonable and in the light of his then existing financial circumstances, it being understood that in the event that the parties are unable to agree upon the amount of such additional payment by the husband, a court of competent jurisdiction shall have the right to determine the amount of such payment."

In its decree in the divorce action the trial court provided that the obligation to care for, maintain and educate the children "shall be joint with the wife and husband," that $150 was to be paid by defendant to plaintiff for the support of the children until further order of the court, and the court expressly reserved jurisdiction to compel the defendant to make additional payments for the care of the children as might seem reasonable and having due regard for the financial circumstances of the defendant.

Plaintiff's petition for the order to show cause, so far as pertinent here, alleged that one of the children, Reuben (born in 1931), in October of 1940 was seriously injured when hit by an automobile and thrown under a streetcar; that as a result medical bills have been incurred of the reasonable value of $500; that both children are in immediate need of corrective dental work, and require the expert care of an orthodontist; that such corrective work will take about two years to complete and that the estimated cost of such dental work is several hundred dollars for each child; that the services of an attorney were required to confer with defendant in an effort to settle the matter and to prepare

the petition; that the value of the attorney's services is $250; that defendant is "a man of great wealth and is amply able to pay the aforesaid sums of money. . . . " The prayer is for an order requiring defendant to pay the reasonable value of the medical services rendered Reuben, to incur the obligation and pay when the reasonable value is ascertained for the dental work, and to pay plaintiff $250 for attorney's fees. It will be noted that there is no allegation in the petition that plaintiff is unable to pay the above mentioned obligations, nor does she allege that the $150 paid by defendant for the support of the children is insufficient to pay the bills in question.

Based on this petition the trial court issued its order to defendant to show cause why he should not be required to pay the obligations here involved. Prior to the hearing date defendant appeared specially, and challenged the jurisdiction of the court to hear the order to show cause by a motion to dismiss, vacate and set aside the order. This appeal is taken from the denial of that motion.

It is the theory of appellant that, in view of the provisions of the decree, the petition was insufficient to confer jurisdiction on the trial court to issue and hear the order to show cause. He contends that without allegations that respondent was unable to meet the obligations in question, or that the $150 a month already being paid was insufficient, the court has no jurisdiction to proceed with the hearing of the order. The theory of appellant seems to be that in order to give a trial court jurisdiction to issue an order to show cause in such a case the petition must allege all the evidentiary facts that would have to be shown at the hearing of the motion. Whatever may be the rule in reference to ordinary controversies between litigants as to the necessity of pleading all the facts, this proceeding is not an ordinary proceeding. Although the petition was filed by the respondent as the divorced wife and mother of the children, she appears in a representative capacity on behalf of the children. They are the real parties in interest. Moreover, the State, itself, is a party to this proceeding in the sense that, independent of the rights of the parents, it has an interest in the welfare and maintenance of the children. The court granting the divorce retains continuing jurisdiction to modify or alter its orders in reference to the custody and mainte-

nance of the children. (§ 138, Civ. Code.) ▮ No agreement between the parties can abridge the power of the court to provide for additional support which the court finds necessary for the minor children. (*Lewis* v. *Lewis*, 174 Cal. 336 [163 P. 42]; see cases collected 9 Cal.Jur. p. 803, § 144.) In the instant case the continuing jurisdiction existed not only by virtue of section 138 of the Civil Code, but also by virtue of the provisions of the decree and of the agreement of the parties incorporated into the decree.

▮ As already pointed out, the State, independently of the rights of the parents, has a direct and important interest in the welfare and maintenance of the children of divorced parents. It is probably the law that where the attention of the court is called in any manner to the fact that such minor children are not being properly cared for and need additional maintenance, the court, without the necessity of a petition by anyone, on its own motion could issue its order to show cause to either parent. Of course, once the order to show cause is issued, before the trial court can make an order increasing the allowance there must be evidence of the needs of the children and the ability of the parent to pay. Whether the court would have jurisdiction to issue such an order without the necessity of a petition need not here be decided.

▮ Certainly, it is and should be the law, that where a petition is filed, the only jurisdictional facts that must be alleged are the needs of the child and the ability of the defendant to pay. Those allegations are found in the present petition. Under such circumstances, the trial court had jurisdiction to issue the order to show cause.

▮ Appellant argues that the decree provided that the obligation to support and maintain the children was to be "joint" with husband and wife, and points out that the wife has not alleged that she is unable to meet her half of the obligation. He also argues that such an allegation is indispensable under that portion of section 196 of the Civil Code which provides: "The parent entitled to the custody of a child must give him support and education suitable to his circumstances." These contentions are unsound. They do not go to the jurisdiction of the court to hear the order to show cause. What the court meant in its decree by the provision that the obligation to support and maintain the children was "joint," is a matter of interpretation. Certainly,

the trial court has jurisdiction to interpret its own decree. So far as section 196 of the Civil Code is concerned, the last sentence of the section provides that: "If the support and education which the father of a legitimate child is able to give is inadequate, the mother must assist him to the extent of her ability." Under this section, and sections 156 and 198 of the Civil Code, it seems well settled that the primary duty to support rests upon the father. (*Fox* v. *Industrial Acc. Com.*, 194 Cal. 173 [228 P. 38].)

It is also true that the respondent has not alleged that the $150 she is receiving from her former husband is insufficient to pay the expenses involved. The failure to allege that fact is not jurisdictional. We must presume that when the matter comes before the trial court, evidence will be taken on this and other issues. Of course, if the amount received is sufficient, no further allowances will be made against the appellant. Such problems, as well as the questions involved in the interpretation of the decree and of the contract, the relative abilities of the parties to pay, etc., are all questions which will be passed upon on the hearing of the order to show cause. They are all questions which the trial court has jurisdiction to consider. For reasons already stated, the failure to allege certain of the evidentiary facts does not deprive the court of this jurisdiction.

The order appealed from is affirmed.

Knight, J., and Bray, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 18, 1943.