[Civ. No. 14846. Second Dist., Div. Two. Mar. 29, 1945.]

ANGELA M. OLCOTT, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

George I. Devor and Finlayson, Bennett & Morrow for Petitioner.

James C. Bone and Gerald E. Kerrin for Respondents.

WOOD (W. J.), J.—Petitioner filed an application for a writ of review in the District Court of Appeal, Second District, seeking the annulment of an order of the Superior Court of Los Angeles County whereby she had been adjudged guilty of contempt of court in removing her minor daughter from the State of California pending an appeal from a court order permitting the child's removal. Her application was denied by Division One of this court without opinion and thereafter, with the permission of the court her application was withdrawn. Thereupon she filed an application in the Supreme Court seeking the same relief and that court on January 15, 1945, issued a writ commanding the superior court to certify and return to this court a transcript of its proceedings in the matter sought to be reviewed and commanding the superior court to refrain pending action upon the writ from punishing petitioner for her alleged contempt in removing the child from California.

On the complaint of petitioner she was granted an interlocutory decree of divorce from McDonald White on November 27, 1939. A property settlement had been made between petitioner and White in which it is provided that the care and custody of the daughter of the parties, Nancy White, a child then about five years of age, should be given to petitioner with cer-

tain rights of visitation being accorded to the child's father. In the interlocutory decree the custody of the child was given to petitioner "with visitation privileges to defendant as set forth in the property settlement agreement," with which the defendant was ordered to comply. A final decree of divorce was entered on December 6, 1940, on one of the usual printed forms in which it was set forth that "wherein said interlocutory decree makes provision for alimony·or the custody and support of the child, said provision be and the same is hereby made binding upon the parties." Between the time of the entry of the interlocutory decree and the time of the entry of the final decree, on July 31, 1940, the court made an order providing that "this child shall not be taken out of Southern California" and further providing for the continuation of the monthly payments of $30 per month to petitioner for the support of the child and for the right of the father to visit the child and have her with him during certain specified periods. Petitioner married Ben L. Olcott on April 9, 1944. Her present husband is a captain in the armed forces of the United States having a permanent residence at Cheney, Pennsylvania. Petitioner left California on July 25, 1944, with her daughter and is now residing with her husband's mother at the home in Cheney, Pennsylvania, which her husband has established as the family domicile.

After her remarriage petitioner obtained an order to show cause for permission to remove the minor child from the State of California and on May 23, 1944, the court made the following order: "In the matter of the order to show cause in re removal of minor child from the State, which was heard May 10, 1944, and taken under submission by the court, it is ordered that the motion of the plaintiff for permission to remove the child of the parties, Nancy White, from the State of California be and it is hereby granted upon the following conditions: (1) that said child shall not be removed until the completion of the present school term; (2) that defendant shall at all times be advised of the address where said child is domiciled; and (3) that plaintiff upon request shall cooperate in making reasonable arrangements for defendant to visit said child." The child's father promptly appealed from this order and pending the appeal the petitioner removed the child to her new home in Pennsylvania.

At the request of the child's father the superior court issued

an order to show cause on September 15, 1944, commanding petitioner to show cause why she should not be adjudged guilty of contempt for "disobeying the order heretofore made on the 31st day of July 1940, which order and the disobedience of which are more fully described in the affidavit of McDonald White. . . ." By order of the court this order to show cause was served upon George I. Devor, the attorney who had appeared for petitioner in the divorce proceedings. A motion was made on behalf of petitioner for attorney's fees and costs on the appeal which McDonald White was prosecuting from the order permitting the removal of the child from California. The motion came on for hearing together with the order to show cause *in re* contempt and on October 19, 1944, the court made an order granting to petitioner certain sums as attorney's fees and costs and found that petitioner "is guilty of contempt of court and until such time as plaintiff purges herself of contempt and returns the child to California defendant will be relieved of the obligation of supporting the minor child."

There is no merit in petitioner's attack on the jurisdiction of the court to make the order adjudging her guilty of contempt for the reason that she was absent from the state and was not personally served with process. In making the order that service should be made upon the attorney who was her attorney of record in the divorce proceedings the court followed the approved procedure. Petitioner having permanently established her residence outside the State of California service upon her attorney of record was authorized and constituted a valid service. (*Foley* v. *Foley*, 120 Cal. 33 [52 P. 122, 65 Am.St.Rep. 147] ; *Shibley* v. *Superior Court*, 202 Cal. 738 [262 P. 332].)

Before the entry of the order of May 23, 1944, giving permission to petitioner to remove the child from California, both parties were, under the provisions of the court order of July 31, 1940, obligated to refrain from taking the child from Southern California. It is provided in section 949 of the Code of Civil Procedure that an appeal from such an order as that made on May 23, 1944, "stays proceedings in the court below upon the judgment or order appealed from." (See *Ex parte Queirolo*, 119 Cal. 635 [51 P. 956] ; *Foster* v. *Foster*, 5 Cal.2d 669 [55 P.2d 1175].) Thereafter, the parties gained no rights or privileges from the making of the

order pending the appeal and the justification, if any, for the removal of the child from California by petitioner rests upon her rights under the orders previously made. As above pointed out under those orders she was prohibited from taking the child from Southern California. It follows that the court was authorized to adjudge her guilty of contempt in disobeying an order of the court then in force.

The writ is discharged.

Moore, P. J., and McComb, J., concurred.

Petitioner's application for a rehearing was denied April 23, 1945, and petitioner's application for a hearing by the Supreme Court was denied May 24, 1945. Carter, J., and Spence, J., voted for a hearing.