[Civ. No. 14949.   Second Dist., Div. Two.   Oct. 29, 1945.]

ANGELA M. WHITE, Appellant, v. McDONALD WHITE, Respondent.

George I. Devor for Appellant.

Gerald E. Kerrin and James C. Bone for Respondent.

MOORE, P. J.—The question for decision is whether the trial court abused its discretion in relieving a husband of the

obligation to contribute to the support of his minor child as provided by the decree of divorce, after the wife removed the child from this state contrary to the decree and subsequent orders.

Following the entry of the interlocutory decree awarding to appellant custody of the daughter, Nancy, she was ordered on July 31, 1940, not to remove the child from Southern California. On May 23, 1944, pursuant to her application an order was entered permitting the mother to remove Nancy from the state upon three conditions, namely, (1) the current school term must first be completed; (2) the father must be continuously advised of the address of his daughter's domicile; (3) the wife must cooperate in making reasonable arrangements for the father to visit his child.

Pursuant to an order to show cause on October 19, 1944, appellant was adjudged "guilty of contempt of court and until such time as plaintiff purges herself of contempt and returns the child to California, defendant will be relieved of the obligation of supporting the minor child." The quoted order was upon a review of the contempt proceeding by this court held to be valid (*Olcott* v. *Superior Court,* 68 Cal.App. 2d 603 [157 P.2d 36]).

Notwithstanding the foregoing events appellant boldly contends that her sins and derelictions should not be visited upon her innocent child; that, although she had contemned the orders of the court, the chancellor should have made provision that she should suffer no financial discomfort despite her disobedience of a decree in equity. Such contention is based upon wholly selfish considerations. She is entitled to no more than the orders of the court provided for her. The mother is charged equally with the child's father to protect, nurture and educate their infant progeny. (Civ. Code, §§ 138, 139, 196.) The award of Nancy's custody to appellant and the requirement that respondent pay money for her support did not absolve appellant from a parent's obligation. The very decree that awarded her the custody specified as a condition of such award that respondent be privileged to visit Nancy. Her violation of that decree could not have enlarged her rights. If it did not, she is in no position to demand privileges. After spurning the court's decree by removing Nancy from the state she was in no better position to demand a continuance of respondent's contribution toward the child's support than she would

be had the father been removed from this mundane sphere. Releasing respondent from the duty to make the payments resulted solely from appellant's rebellion against the decree which had been made for her benefit. One who wilfully frustrates a valid judgment pleads in vain for relief therefrom.

She now argues for her own advantage while pretending an interest solely for the child. But protestations in behalf of the daughter are unavailing for the reason that in the absence of a showing that the child is in need she will not be considered a party to such a proceeding. That showing was not made. As a plea for her own interests appellant's brief is a vain clamor, for it does not disclose any hardship to have been suffered by appellant. On the contrary she is basking in the chosen liberty of a new life, free from the agencies of the superior court of this state, both of which she preferred rather than compliance with its judgments. The order of which she now complains, viz., withholding payment of monthly sums from her until such time as she purges herself of contempt and returns the child to California, is not capricious, arbitrary or unreasonable but in view of the record was made in the exercise of a sound discretion.

In support of her thesis that "decency demands that the father perform the duty of supporting his own child" appellant cites *Laumeier* v. *Laumeier,* 237 N.Y. 357 [143 N.E. 219, 32 A.L.R. 654]; *Zirkle* v. *Zirkle,* 202 Ind. 129 [172 N.E. 192]; *Arbuckle* v. *Jones,* (Ill.App.) 11 N.E.2d 867; *Metson* v. *Metson,* 56 Cal.App.2d 328 [132 P.2d 513]. They are not pertinent. Mrs. Laumeier brought an action in New York on behalf of her post-divorce-born child notwithstanding the divorce had been granted in Missouri. At the time of the Zirkle decree in Indiana the wife resided in Illinois and she was not required to keep the child within the court's jurisdiction. The Arbuckle case announces nothing more than the duty of a husband to support his child even though the wife had disobeyed the decree. The Metson case involved the contention that the court had no jurisdiction to entertain the application of the wife for extra moneys to pay for dental services in the absence of an allegation from her petition that the allowance awarded in the decree was insufficient. After stating that it was not necessary for "the evidence" to be alleged in such petition, the court observed that the divorce court retains "continuing jurisdiction to modify or alter its

orders in reference to the custody and maintenance of the children. (Sec. 138, Civil Code.)''

Inasmuch as the order appealed from was within the discretion of the court, it is an effectual modification of the decree and is in fact an adjudication of appellant's contempt and a punishment therefor.

The order is affirmed.

Wilson, J., and Fox, J. pro tem., concurred.

A petition for a rehearing was denied November 16, 1945, and the following opinion was thereupon rendered:

THE COURT.—Without the slightest pretense of contrition or conciliation for her flouting the order of the court plaintiff, still ensconced in her Pennsylvania home with her child by her side, demands through her counsel a rehearing to the end that it might be adjudged by this court that she had been guilty of only a technical contempt of court and hence her deprivation of the monthly payments was unjust. The situation may have been better understood if we had set forth even more fully the history of appellant's litigious efforts to effect her purposes.

Following the events narrated in the second paragraph of the opinion, appellant accompanied by Nancy departed from California. On September 15, 1944, defendant filed his affidavit setting forth that he had appealed from the order of May 23, 1944, but that plaintiff had removed Nancy from California to the home of her new husband at Cheney, Pennsylvania. Pursuant to the order to show cause issued upon such affidavit hearing was had thereon at the same time with plaintiff's motion for an order requiring defendant to pay sums for attorney's fees and costs. After granting her motion the court made the order quoted in the third paragraph of the opinion, which is the order appealed from. The affidavit of defendant before the court at the time contains the averment that pending the appeal of defendant from the order of May 23, 1944, and without further order of the court and without the knowledge or consent of defendant, plaintiff took Nancy out of California. Just prior to the time of adjudging plaintiff guilty of contempt the parties stipulated (1) that plaintiff and minor child are out of California; (2) that the record discloses that plaintiff had no authority

to remove the child; (3) that the child should not have been removed until the end of the current school term.

While it is true that there is no evidence that Nancy was removed from this state prior to the close of the school term, yet plaintiff knew that defendant had taken appeal from the order of May 23rd. The language of section 949, Code of Civil Procedure, could not be more explicit in its provision that ". . . the perfecting of an appeal stays proceedings in the court below upon the . . . order appealed from." Contending that the order of September 15, 1944, was void plaintiff sought by a review to have that order annulled. In declining to grant such an order we then held that because of the appeal from the order of May 23 the parties remained as they were under the order of July 31, 1940. (*Olcott* v. *Superior Court,* 68 Cal.App.2d 603 [157 P.2d 36].) Ignoring that decision plaintiff carried on after a fashion most pleasing to herself. She neither sought to make amends to defendant nor attempted to do any act that might minimize the contempt which had evidently been a factor in causing the court to impose the order appealed from.

This court decided the Olcott case on March 29, 1945. Although that was a determination of the validity of the order now on appeal, without deigning in any respect to comply therewith plaintiff proceeded with the present appeal as though the only question involved was whether a father is under any and all conditions solely responsible for the support of his child. It is conceded that as between the parents under ordinary circumstances, where the parents both have separate estates, or the father only has his separate estate, or there is no fund except the community estate or earnings, and a separation occurs, the father will be obliged to make provision for the minor children. But this is not an ordinary case. The child was born in Los Angeles County and had been reared there from birth. All of her relatives including all grandparents reside in the same community. When the question of custody first arose the parties stipulated that the court might include in its order that defendant visit Nancy on all Wednesdays, take her to his own home every other Friday to remain until Sunday and might have her at Thanksgiving and for the summer vacations, so long as he made "some plan for some member of his family or friends to assist him in caring for the child," and that she should not be taken out of Southern California. Such evi-

dence, stipulation and order indicate that there was some good reason for keeping Nancy near her father. Plaintiff having chosen to disregard the rights of the father by keeping his child some 3,000 miles away from him, no such situation is presented as requires the court to force defendant to support the child while she remains out of California. With her mother she is housed in the Olcott home in Pennsylvania. Nothing indicates that plaintiff is without funds or that withholding the $30 monthly payments will do more than deprive her of luxuries which she might enjoy but for her duty to her child.

That the trial court did not abuse its discretion in making the order is clear.

The contention that the adjudication of contempt became functus officio upon the affirmance by this court of the order of May 23 is without merit. The various orders affecting the conduct of these parties have no relevancy except to disclose the necessity of imposing some hardship upon plaintiff for the free rein she takes and for her evident disregard of defendant's rights which the court below has attempted to protect. The order before us might in different words have been made even if there had been no former order of contempt. Its primary purpose was to deny plaintiff the benefit of defendant's assistance so long as she keeps Nancy out of this state. That she had exhibited a recalcitrance before the order of September 15 is merely some of the evidence in support of the order. The authorities cited (*Fremont* v. *Merced Mining Co.* (1858), 9 Cal. 18; *Canavan* v. *Canavan*, 18 N.M. 640 [139 P. 154, Ann.Cas. 1915D 1007, 51 L.R.A.N.S. 972]; *State* v. *Neveau*, 236 Wis. 414 [295 N.W. 718]; *Salvage Process Corp.* v. *Acme Tank Process Corp.*, 86 F.2d 727 (C. C.A. 2); *Republic Electric Co.* v. *General Electric Co.*, 30 F.2d 99, 100) are not pertinent. Plaintiff is not here on an order convicting her of violating an injunction. It is merely an order relieving defendant from the necessity of making the monthly payments.

Rehearing denied.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1945. Carter, J., voted for a hearing.