[Civ. No. 14094.   First Dist., Div. One.   Dec. 6, 1949.]

MAUVIA BRADFORD, Respondent, v. LOWELL
BRADFORD, Appellant.

Donohue, Richards, Rowell & Gallagher and Orlando J. Bowman for Appellant.

Francis T. Cornish for Respondent.

WARD, J.—Several appeals are involved herein resulting from the filing of divorce proceedings. A property settlement was executed by Mauvia and Lowell Bradford which provided a total payment of $1,800 in satisfaction of prior orders of the court directing monthly payments, including the sum of $300 designated as attorney's fees and court costs in the pending proceeding. The property settlement further provided that no modification of its terms should be sought unless required by changed conditions. An interlocutory decree of divorce on the ground of extreme cruelty thereafter was rendered and entered in favor of plaintiff wife and against defendant husband. Defendant did not testify. The decree set forth "that the property settlement agreement entered into between the parties and bearing date September 30, 1947, which said agreement is on file herein, be, and it is hereby approved, except as to the provisions therein contained for child support, child custody and costs and attorney fees; . . . that, defendant pay to plaintiff the sum of Twenty Dollars ($20.00) per month as and for the support and maintenance of plaintiff beginning on the first day of December, 1947, and continuing in monthly installments on the first day of each and every month thereafter to and including September 1, 1951, or until the remarriage of plaintiff, whichever is sooner; . . ." The decree further provided for the payment by defendant of $80 per month "until the remarriage of plaintiff or the first day of October, 1951, whichever occurs sooner," and thereafter the sum of $100 per month for the maintenance and support of the two minor children. Each child was named in a separate paragraph of the decree. The decree ordering the foregoing payments was made in November, 1947, and was signed in the following February. Defendant husband appeals from the judgment rendered and entered in June, 1948, wherein the terms of the decree were modified in favor of plaintiff wife. This appeal is presented on a settled statement in lieu of a reporter's transcript.

The affidavit submitted by plaintiff in support of a motion to modify the decree substantially sets forth facts similar to the evidence produced at the proceedings had in June, 1948. The statement on appeal from the order of modification gives detailed facts in narrative form and therefore is reproduced, as follows: ''Upon the testimony of the plaintiff and the testimony of the defendant after consideration of the property settlement agreement and the interlocutory decree of divorce, the following facts appeared. Plaintiff testified as follows: That $80.00 per month is not sufficient for the support of said children and she estimates the cost of such support as follows: Food $40.00, rent $14.00, utilities $14.00, milk $13.00, medicines $10.00, clothes $10.00, nursery school $23.00, didy service $7.00 (only for the younger child), cleaning $3.00, miscellaneous $5.00, haircuts (only for the elder child) $4.00, music lessons which she desires to start (only for the elder child) $4.00. She did testify that the cost for the support of said children had increased. She testified that her estimate of the cost of support and maintenance of the children at the time [of] the agreement of September 30, 1947 was in error. She is living with her mother to whom she pays $20. per month rent. Defendant testified as follows: That he was a student at the University of California until June, 1947, at which time he was employed as a criminologist by the State of California; that he worked at such employment until December, 1947, at which time he accepted employment as a criminologist in the office of the District Attorney of Santa Clara County, and that he is now employed in said office at a monthly salary of $350, less deductions, totaling $32.80, leaving a net salary in the sum of $317.20 per month, which increased his income. That in addition to said salary he has income on account of disability payments from the U. S. Government in the net amount of $35. per month, which amount has not changed during any of the period hereinabove referred to. That he has no other income from any source whatsoever. That out of said total net earnings of $352 per month, he pays $100 per month to Mrs. Bradford pursuant to interlocutory decree of divorce dated February 11, 1948, and $100 per month to holder of his promissory note in the sum of $1800 which defendant borrowed for Mrs. Bradford and paid to her pursuant to the provisions of said property settlement agreement, which payments will continue until April, 1949, leaving a net of $152 per month for his support

and maintenance. That his necessary disbursements therefor are $138 per month, plus incidentals and hospital expenses in an unknown amount for a recent illness requiring hospitalization, and said $138 includes rent $38 per month; food $70 per month; drugs $10 per month; laundry and cleaning $20 per month, plus incidentals and hospital expenses hereinabove referred to. That defendant drives a 1948 Studebaker Commander automobile, but that he only paid the maintenance cost of this and had paid nothing to acquire it; that it had been paid for and given to him by his mother after the property settlement was made, and that his mother was the same person to whom he had previously transferred his interest in his father's estate, which transfer he had previously testified at a pre-trial hearing was made without consideration because his mother would probably become a dependent and he felt he ought to provide for her.''

Upon the facts above stated, the court in its order modifying the decree set forth that the conditions with respect to cost of maintenance of the minor children had changed, likewise defendant's ability to pay, such changed conditions warranting an increase in the payments theretofore provided, and ordered increased payments in the sum of $65 per month for each of the two children. The allegations of plaintiff's affidavit and the testimony introduced appear adequate. In *Metson* v. *Metson,* 56 Cal.App.2d 328, at page 332 [132 P.2d 513], the court said: ''Certainly, it is and should be the law, that where a petition is filed, the only jurisdictional facts that must be alleged are the needs of the child and the ability of the defendant to pay.'' The facts of the present petition are in conformity with those of the aforementioned case. (See, also, *Dickens* v. *Dickens,* 82 Cal.App.2d 717 [187 P.2d 91].) The property settlement provided that no application for modification should be made except upon changed conditions, and the court found a change of conditions. Regardless of previous arrangements by property settlement, the court may ''at any time'' modify an order providing for child support whenever the court deems a modification proper. (Civ. Code, § 138.)

The finding made by the court that the ''said change of conditions warrants an increase in the payments'' is sufficient. A finding on the probative or evidentiary fact in this case is not vital to the ascertainment of the ultimate finding of fact. The evidence alone would sustain specific findings on the issue of change of conditions. However, if a finding on that issue

were necessary this court, in sustaining the order and judgment, could make such finding (Code Civ. Proc., § 956a), but does not deem it advisable. Consideration of the evidence would necessarily be with the rule in mind that it was within the lower court's discretion to determine whether the circumstances had changed sufficiently to justify an increase in payments.

Defendant objects to an order directing him to pay attorney's fees and costs on appeal. The property settlement provided for payment by defendant of a definite amount designated as attorney's fees and costs in the divorce proceeding. However, the present appeal is directed to the portion of the decree affecting the welfare of the children. If the wife were acting solely in her own behalf, the objection might have some merit, but the facts presented show the contrary. In addition, the interlocutory decree provided that the property settlement agreement on file ''be, and it is hereby approved, except as to the provisions therein contained for child support, child custody and *costs and attorney fees*.'' (Italics added.)

Defendant filed a notice of motion to set aside the judgment on ground of surprise, inadvertence and mistake and to grant a new trial. The motion is based principally upon the ground that no reporter's transcript was taken of the oral proceedings on plaintiff's application for modification of the interlocutory judgment and decree of divorce and that ''review is practically impossible for lack of a sufficient record''; that there was inadvertence in the failure to request a reporter's transcript; and that there was surprise because the engrossed statement fails to show all of the facts with respect to earnings and the cost of support of the minor children. Thereupon defendant offered to dismiss the appeal if a new trial would be granted. Defendant's affidavit in support of the motion is merely an argument in favor of the motion.

The offer to dismiss the appeal is of no significance. The grounds for the motion for a new trial are not set forth except as defendant's attempt to base the motion upon surprise, inadvertence and neglect. On such grounds relief may be granted, in the court's discretion, under the provisions of section 473 of the Code of Civil Procedure. No reasonable excuse is given for the failure to request a reporter on the hearing for modification, and no showing is made as to what the evidence would be if a reporter had been present. Furthermore,

defendant made no specific objection to the sufficiency of the narrative statement at the time it was signed and filed.

The order, signed and filed on June 24, 1948, modifying the interlocutory decree of divorce; the order dated September 21, 1948, directing defendant to pay counsel fees and costs on appeal, and the order dated October 19, 1948, denying defendant's motion to set aside the judgment and to grant a new trial are, and each of them is, affirmed.

Peters, P. J., and Bray, J., concurred.