[Civ. No. 16550.   First Dist., Div. One.   Jan. 27, 1956.]

ERNESTINE RUTH ALLEN, Respondent, v. JOHN F. ALLEN, Appellant.

J. Thaddeus Cline for Appellant.

Thaddeus J. Kukula for Respondent.

BRAY, J.—Defendant appeals from two orders modifying a previous order modifying a final decree of divorce.

## QUESTIONS PRESENTED

1. Is the court bound by an agreement in which the mother releases the father from all liability for the support of their minor children?

2. Does estoppel lie in favor of the father in an application for children's support?

3. Does the evidence support the allowance for support?

4. Power of the court to make a second order.

## RECORD

In a final judgment of divorce, the legal custody of the two minor children of the parties was awarded jointly to the parties, but with physical custody in plaintiff subject to defendant's right of visitation. Defendant was ordered to pay plaintiff $50 per month for the children's support and a like monthly sum for four years for her support. Thereafter a stipulation and agreement was entered into by the parties which provided that defendant pay plaintiff $150. "Said sum shall constitute full payment and satisfaction of all sums now due or that might hereafter become due to plaintiff for alimony or for support and maintenance of the minor children of the parties above named." Defendant was also to pay plaintiff $75 as attorney's fees. Defendant then waived and renounced his right to the custody of, or to visit the children, and consented "to the adoption of said children by plaintiff's future husband, if she should hereafter remarry." Plaintiff waived "all claims that she now has or may ever acquire for alimony or for the care, support, maintenance or education of said minor children, and for attorney's fees and court costs that may be expended or incurred by plaintiff in this action or in any other action or proceeding relating to or dealing with the former marital status of the parties hereto or relating to their said minor children. In this connection, plaintiff does hereby expressly agree that she will never make any claim against defendant for payment

of any sum for alimony, counsel fees, court costs or for money for the use or benefit of said minor children. That plaintiff shall have the sole duty and responsibility of providing for said children.'' January 29, 1946, an order modifying the final decree of divorce was entered incorporating the terms of said stipulation and agreement. March 29, 1954,* after hearing based upon an order to show cause, the order of January 29, 1946, was modified by requiring defendant to pay $40 per month for the support of said children. Defendant's right to joint custody with plaintiff of the children with physical custody in plaintiff, and his right of visitation, were restored.

1. *Effect of the Agreement.*

Defendant concedes that ''as a matter of public policy, parents cannot bargain away the rights of their children to support,'' but contends that a mother may make an agreement whereby she assumes sole responsibility for that support and that when the agreement is incorporated into the decree of the court, it is binding thereafter on the court at least in a proceeding brought by the mother in her own name for support of the children. Plaintiff concedes that the children could by either a general or an ad litem guardian obtain a court order for support from their father. ■ Although this proceeding is in the original divorce action and is nominally in the name of the mother, it is actually a proceeding by and for the children. The mother has no right to support; it is the children's right which she is presenting. Defendant's contention in this respect is well answered in *Metson* v. *Metson*, 56 Cal.App.2d 328, 331 [132 P.2d 513] : ''Although the petition was filed by the respondent as the divorced wife and mother of the children, she appears in a representative capacity on behalf of the children. They are the real parties in interest. Moreover, the State, itself, is a party to this proceeding in the sense that, independent of the rights of the parents, it has an interest in the welfare and maintenance of the children.''

■ As between the parties the agreement was valid and binding. (Civ. Code, § 159; *Kamper* v. *Waldon*, 17 Cal.2d 718, 721 [112 P.2d 1].) However, section 138, Civil Code, authorizes the court in a divorce action at any time, even after the final decree, to make necessary orders for the maintenance and support of the minor children. ■ It is well

*May 18th a second order including attorney's fees was made. It will hereafter be discussed.

settled that such authority, and its exercise, cannot be limited or abridged by any agreement between the parents. (See *Krog* v. *Krog,* 32 Cal.2d 812, 817 [198 P.2d 510], and cases there cited; *Metson* v. *Metson, supra,* 56 Cal.App.2d 328, 332.)

2. *Estoppel.*

"As already pointed out, the State, independently of the rights of the parents, has a direct and important interest in the welfare and maintenance of the children of divorced parents. It is probably the law that where the attention of the court is called in any manner to the fact that such minor children are not being properly cared for and need additional maintenance, the court, without the necessity of a petition by anyone, on its own motion could issue its order to show cause to either parent." (*Metson* v. *Metson, supra,* 56 Cal. App.2d at p. 332.)

■ Defendant contends that as the court approved the agreement, he relied upon its apparent release of him from thereafter contributing to the support of his children and remarried in 1952, in which marriage two children were born, and therefore, plaintiff is estopped to claim any support for their children. The proceeding being one, not for the mother's interest, but for the children's, obviously estoppel will not lie.

3. *Evidence.*

Defendant contends the evidence failed to show the necessity of any support from him for the children or that he has the ability to pay the $40 per month ordered. The children are 10 and 12 years of age respectively, and are living with plaintiff, who earns as a teacher yearly $4,288.56 after taxes. Each year there will be a gross salary increase of $175. Less teacher's retirement and taxes, her net take-home pay is $323 per month. Her expenses of maintaining a home and caring for the needs of her children total $6,480 per year. Defendant is employed as a salesman and service engineer. His take-home pay is $484 per month. When asked if additionally he received commissions, he replied, "When I earn them. I have not earned commissions for some time and probably will not in the near future, in the next two or three years, unless general business conditions improve."*

---

*"In determining support allowances a court is entitled to make them in view of a person's earning ability, even though it may later turn out that because of circumstances the person may not be able to realize the full value of that ability." (*Woolams* v. *Woolams,* 115 Cal. App.2d 1, 7 [251 P.2d 392].)

He listed his expenses totaling $39.25 per month more than his take-home pay. Included in the list was $35 per month which he voluntarily contributed as his pro rata share with the other members of his family towards the living expenses of his 85-year-old father. No showing was made as to the father's financial situation nor the necessity for defendant making such contribution. Also included, among other items, are payments on a mortgage, on a loan, and on installments on household furnishings. ██ The trial court found a necessity for, and defendant's ability to pay, $40 per month for the children's support. We are bound by that determination unless we can say that the court abused its discretion in so finding. While this is a hard case and the trial court about reached the limit of defendant's ability to pay, we cannot say that there was any abuse of discretion. The language in *Bailey* v. *Superior Court*, 215 Cal. 548, 553 [11 P.2d 865], applies here: ''We cannot agree with the contention of petitioner that the finding of the trial court is wholly without support in the evidence. . . . It may be conceded that the question of petitioner's ability to pay was a close one. The fact that petitioner is deeply in debt and has no present income is not, however, determinative of his ability to pay this particular sum. Payment for the support of his minor children is as truly a legal obligation as the repayment of his loans or payment of his other business debts. . . .'' Moreover, as we pointed out in *Woolams* v. *Woolams, supra,* 115 Cal.App.2d at page 7: ''. . . there is nothing final about this award. It may be changed at any time that circumstances require or justify a change.''

4. *Second Order—Attorney's Fees.*

██ ██ The most serious question arises out of the action of the court in making a second order after defendant had appealed from the first order. The first order was made March 29, 1954. Defendant appealed therefrom April 15th. The second order was made May 18th. Defendant thereafter appealed therefrom. The only substantial difference between the orders is that in the second order there was an award to the attorney for plaintiff and the children of $50 attorney's fees. At the hearing, attorney's fees were requested. No mention of attorney's fees appears in the first order. The court had the power, in spite of the agreement waiving attorney's fees in any ''proceeding . . . relating to their said minor children'' to grant attorney's fees (see *Arais* v. *Kalen-*

*snikoff,* 10 Cal.2d 428, 434 [74 P.2d 1043, 115 A.L.R. 163]; *Bradford* v. *Bradford,* 94 Cal.App.2d 921, 925 [212 P.2d 59]), but it did not do so until after it had lost all jurisdiction to act any further on the proceeding which had been submitted and terminated in the order appealed from. ''But the *nunc pro tunc* order of January 4, 1939, is equally without legal force because it does not by its terms amend the already entered judgment to make the latter conform to the decision which the court actually rendered, but attempts to amend by new modifications and enlargements the judgment which the court originally rendered. This the court is not empowered to do. It may not make the judgment express anything not embraced in the court's decision, even though the proposed amendment contains matters which ought to have been so pronounced.'' (*Felton Chemical Co.* v. *Superior Court,* 33 Cal.App.2d 622, 627 [92 P.2d 684]; see also *Takahashi* v. *Fish & Game Com.,* 30 Cal.2d 719, 725 [185 P.2d 805]; Witkin, California Procedure, p. 1894.)

The order of March 29, 1954, is affirmed. The order of May 18, 1954, is reversed. Plaintiff is awarded costs on appeal.

Peters, P. J., and Wood (Fred B.), J., concurred.