EDWARD J. DELEHANTY and MARGARET DELEHANTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Delehanty v. Commissioner
Docket No. 2769-75.
United States Tax Court
T.C. Memo 1977-255; 1977 Tax Ct. Memo LEXIS 186; 36 T.C.M. (CCH) 1034; T.C.M. (RIA) 770255; August 4, 1977, Filed *186 P and his former wife entered into a separation agreement settling all of their property rights and providing for periodic payments to the wife of $1,150 per month. Subsequently, the California court ordered P to pay for the support and maintenance of each of the minor children the sum of $287.50 per month. During 1972, P made such payments. Held, such payments discharged the obligation for support of the minor children imposed by the decree, and therefore under secs. 71 and 215, I.R.C. 1954, they are not deductible by him. Godfrey L. Munter, Jr., for the petitioners. Edward B. Simpson, Jr., and Rebecca T. Hill, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $5,164.00 in the petitioners' Federal income tax for 1972. The sole issue for decision is whether periodic payments made by the petitioner Edward J. Delehanty to his former wife were deductible alimony payments pursuant to the provisions of sections 215 and 71 of the Internal Revenue Code of 1954. [1]
FINDINGS *187 OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Edward J. Delehanty and Margaret Delehanty, husband and wife, resided in or about Boston, Mass., at the time of filing their petition in this case. They filed a joint Federal income tax return for 1972. Edward J. Delehanty will sometimes be referred to as the petitioner. In 1967 and prior thereto, the petitioner was married to Dorothea Barbara Delehanty (Dorothea). Incident to marital difficulties, on August 30, 1967, the petitioner and Dorothea entered into a separation agreement. Their purpose in executing such agreement was to effect a final and complete settlement of all their rights, including property rights, and to provide for Dorothea's future support and for the custody and support of the couple's four children. Paragraph 9 of such agreement provided in relevant part: 9. PERIODIC PAYMENTS:
Husband agrees to make periodic payments to Wife for her support and maintenance, and from which she agrees to support and educate our minor children. These payments shall be in the amount of $1,150.00 per month and shall be payable on the 15th day of each month starting September 15, 1967. *188 Husband and Wife agree that these sums payable shall be reduced by the amount of twenty-five percent (25%) of the original amount upon the reaching of the 21st birthday, marriage, emancipation or death of each or any of the four children of our marriage. Each of us agrees that the periodic payments to be made by Husband to Wife shall not be subject to modification except as expressly hereinabove stated; this provision shall not be subject to modification or revocation by death or remarriage of Husband, or remarriage of Wife. The payments hereinabove specified shall be reduced in the amount of eighty percent (80%) of the original amount should Wife die prior to September 15, 1977 * * * Neither of us shall apply for an order of modification or revocation under the provisions of Section 139 of the Civil Code of California of any order for support based on this paragraph. Husband specifically undertakes the obligation to assist and otherwise contribute to the expense of college education of each of the children of the parties. The agreement further provided that it should survive an interlocutory judgment of divorce, or a judgment of separate maintenance, and that its effectiveness *189 should not depend upon approval of a court. Subsequent to the execution of such separation agreement, the petitioner commenced divorce proceedings against Dorothea in the Superior Court for the County of Los Angeles, Calif.; Dorothea filed a cross-complaint, and the petitioner defaulted. On July 3, 1969, an interlocutory judgment of divorce was granted to Dorothea upon her cross-complaint. The interlocutory decree provided in relevant part: GEORGE M. STEPHENSON, 215 United California Bank Building, 413 West Seventh Street, San Pedro, Calif. 90731, Tel. TErminal 2-6461, Attorney for Defendant and Cross-Complainant SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES
EDWARD JOHN DELEHANTY, Plaintiff and Cross-Defendant vs. DOROTHEA BARBARA DELEHANTY, Defendant and Cross-complainant No. SO D 29312 INTERLOCUTORY JUDGMENT OF DIVORCE (Default on Cross-Complaint) * * *
2. The Separation Agreement dated August 30, 1967 * * * [having] a has been been [sic] examined by the Court, [are hereby approved and the executory provisions thereof ordered performed.] 3. [In accordance with the provisions *190 of paragraph 9 of the Separation Agreement,] Cross-defendant is ordered to pay to cross-complainant for the support and maintenance of each of the minor children of the parties the sum of $287.50 per month, being a total of $1,150.00, said amounts to be payable on the 15th day of each month commencing July 15, 1969 and continuing thereafter until the twenty-first birthday, marriage, emancipation or death of each of any of the four minor children of the marriage, upon which event the sum payable for the support of said minor child shall cease. 4. [In accordance with the provisions of Paragraph 3 of the Addendum to the Separation Agreement, which Addendum is dated November 26, 1967,] Cross-defendant is ordered by way of additional support of of the minor children to maintain the Medical and Hospitalization Insurance now in effect through his employment, for the benefit of the minor children until the twenty-first birthday, marriage, emancipation or death of each or any of said minor children, whichever event occurs first. Each deletion and each handwritten insertion was initialed "MC"; the decree was entered by Judge McCarry of the Superior Court. On July 17, 1969, upon the petitioner's *191 motion, the court entered a final judgment of divorce, which incorporated the provisions of the interlocutory decree. During the calendar year 1972, the petitioner paid to Dorothea the sum of $1,150 each month for a total of $13,800. The petitioners deducted such amount on their joint return for 1972, and the Commissioner disallowed such deduction in his notice of deficiency. OPINION The petitioner contends that he is entitled to deduct the payments made by him to his former wife in 1972 under the provisions of section 215. Such section allows a husband to deduct amounts includable under section 71 in the gross income of his former wife. Under the general rule of section 71, the wife's gross income includes periodic payments received in discharge of a legal obligation imposed on a husband under a decree of divorce or separate maintenance (sec. 71(a)(1) and (3)) or under a written separation agreement (sec. 71(a)(2)). However, section 71(b) provides that this general rule "shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor *192 children of the husband." Consequently, the deductibility of the petitioner's payments turns on whether such payments were "fixed" as for child support within the meaning of section 71(b). In Commissioner v. Lester,366 U.S. 299 (1961), the Supreme Court held that the term "fix," as used in the predecessor of section 71(b), meant that the agreement must expressly specify a sum certain or percentage of the payment for child support, and that even though the Court could infer that the parties intended for a particular portion of the payment to be for child support, such inference did not justify shifting the liability for tax on such portion to the husband. The petitioner contends that as the separation agreement did not specifically designate any portion or amount as child support, periodic payments made by the husband pursuant to such agreement were deductible by him under the rule announced in Lester. The Commissioner does not seriously dispute the petitioner's construction of the separation agreement; however, he argues that the terms of the divorce decree, which "fix" the entire payment as child support, are dispositive of the issue before us. Generally, integrated property settlement *193 agreements are highly favored under California law. Makzoume v. Makzoume,50 Cal. App. 2d 229, 123 P. 2d 72 (1st Dist. Ct. App. 1942). The provisions of such an agreement are valid and binding on the parties (Cal. Civ. Code sec. 4802 (West 1970) (formerly Cal. Civ. Code sec. 159 (West 1954)); Kamper v. Waldon,17 Cal. 2d 718, 112 P. 2d 1, 2-3 (1941); Hunter v. Hunter,170 Cal. App. 2d 576, 339 P. 2d 247, 250-251 (2d Dist. Ct. App. 1959); Nicholas v. Nicholas,110 Cal. App. 2d 349, 242 P. 2d 679, 681 (2d Dist. Ct. App. 1952)), and unless expressly disapproved by the court, the agreement survives a decree of divorce ( Makzoume v. Makzoume,123 P. 2d at 73; Brown v. Brown,83 Cal. App. 74, 256 P. 595, 600 (3d Dist. Ct. App. 1927)). However, the parties may not, by their agreement, limit the power of the court in a proper proceeding to make any order necessary for the custody and support of their children. [2] *195 Cal. Civ. Code sec. 4811(a) (West 1970) (formerly Cal. Civ. Code sec. 139 (West 1954)); Krog v. Krog,32 Cal. 2d 812, 198 P. 2d 510, 512 (1948); Hunter v. Hunter,339 P. 2d at 250-251; Allen v. Allen,138 Cal. App. 2d 706, 292 P. 2d 581, 583 (1st Dist. Ct. App. 1956); Nicholas v. Nicholas,242 P. 2d at 681; *194 Metson v. Metson,56 Cal. App. 2d 328, 132 P. 2d 513, 515 (1st Dist. Ct. App. 1942). Thus, the Superior Court had the authority, despite the agreement of the parties, to make provision for the support of their children, and it exercised such authority. The decree of such court imposed an obligation on the petitioner to make payments for the support of his children, and the payments made by him in 1972 discharged that obligation. Under such circumstances, we hold that the payments come within the terms of section 71(b) and are not deductible by him. Carle v. Commissioner,54 T.C. 827, 830-831 (1970); Siegert v. Commissioner,51 T.C. 611, 617 (1969); Thomson v. Commissioner,42 T.C. 825, 833 (1964), affd. sub nom. Metcalf v. Commissioner,343 F. 2d 66 (1st Cir. 1965). The petitioner urges that the terms of the separation agreement continued in effect after the divorce decree, that the payments were made by him in accordance with such agreement and are, therefore, deductible alimony payments, and that the Superior Court never intended to modify such provision of the separation agreement. However, it is clear to us that the Superior Court intended to provide for the support of the children. From the interlocutory decree, it appears that a draft of such decree was prepared by Mr. Stephenson, who was the lawyer for Dorothea. It also appears that in his draft, it was proposed that the court would approve the separation agreement, but the court modified the draft and merely provided that the court had examined such agreement. Thus, the court neither adopted nor approved the provision of the separation agreement for the payments to be made to Dorothea; instead, the court provided for payments to be *196 made for the support of the children of the petitioner. [3] *197 Moreover, even if the provision of the separation agreement requiring the payments to be made to Dorothea continued in effect, the payments by the petitioner are treated as satisfying the obligation imposed upon him by the court decree. As the Court of Appeals for the First Circuit, in passing upon the same question, aptly observed: We find no merit in the proposition that where the taxpayer's payments, being now identified by a court decree with the requisite specificity, fall precisely under the language of the statute, they are to be removed from its effect because the payments are, in addition, in satisfaction of a separate agreement of like import and substance which lacks certain formal requirements from a tax standpoint. [Metcalf v. Commissioner,343 F. 2d 66, 68 (1965), affg. Thomson v. Commissioner,42 T.C. 825 (1964).] Compare Carle v. Commissioner,supra;Siegert v. Commissioner,supra;Tinsman v. Commissioner,47 T.C. 560 (1967). The petitioner also argues that the California court lacked the authority to modify the separation agreement, and in support of such argument, he relies upon In re Marriage of Nicolaides,39 Cal. App. 3d 192, 114 Cal. Rptr. 56 (5th Dist. Ct. App. 1974). In that case, husband and wife entered into a separation agreement settling all of their marital rights, and subsequently, the husband obtained an interlocutory decree of divorce in a proceeding in which the wife defaulted. The interlocutory decree approved the property settlement agreement and incorporated its terms, but the trial court added a provision that the obligation to pay alimony should terminate on the death or remarriage of the wife. The appellate court held that while the trial court had power to accept or reject the entire agreement, it had no authority to add a qualifying term to the provisions for support, and the trial court was directed to modify the *198 decree to conform to the terms of the parties' agreement. However, in Nicolaides, the court approved the parties' agreement, incorporating its provisions into the decree; whereas, in the case before us, the Superior Court made clear that it was not adopting or approving the separation agreement. Furthermore, the petitioner presented no evidence that he had made any effort in the California courts to secure a modification of the Superior Court's decree, and in the absence of any modification of such decree, we must act on the decree as it now appears. [4] See Van Vlaanderen v. Commissioner,175 F. 2d 389 (3d Cir. 1949), affg. 10 T.C. 706 (1948); Daine v. Commissioner,168 F. 2d 449 (2d Cir. 1948), affg. 9 T.C. 47 (1947). *199 Finally, we find no merit in the petitioner's contention that the interlocutory decree was invalid because he was not served with a copy of such decree. The petitioner himself initiated the divorce proceedings, and the interlocutory decree recites that the petitioner was duly served with a copy of his wife's cross-complaint. Also, he was the party who filed the motion for the final decree of divorce. He has failed to offer any evidence indicating that his attorney may not have been served with a copy of the interlocutory decree; nor has he made any effort to have the decree modified or set aside because of the alleged failure to be served with a copy of it. Thus, the petitioner has presented no factual or legal basis for his argument that the interlocutory decree, to the extent it imposed upon him an obligation to pay child support, was not valid and enforceable. Compare Tinsman v. Commissioner,supra.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue, unless otherwise indicated.↩
a. Italics indicate handwritten insertions, and the bracketed material was stricken.↩
2. Prior to 1959, it was held that where the judgment was based upon an integrated property settlement agreement, the child support provisions could be increased under the court's general powers, but that the contractual obligation assumed could not be reduced by the court. Puckett v. Puckett,21 Cal. 2d 833, 136 P. 2d 1 (1943); Van Dyke v. Van Dyke,126 Cal. App. 2d 238, 271 P. 2d 910 (2d Dist. Ct. App. 1954). A nonretroactive amendment to Cal. Civ. Code sec. 139 (now sec. 4811(a)↩) enacted in 1959, gave the court the same power to modify or revoke the child support provisions of a decree based on an integrated property settlement as it has to change an ordinary support decree.
3. The petitioner asserts that he relied upon the representations of his ex-wife and her attorney that the agreement would be presented to the court, approved, and incorporated as part of the divorce decree. However, if the petitioner can prove such assertions, and if they give rise to any remedies, such relief must be sought in the California courts. Cf. In re Marriage of Nicolaides,39 Cal. App. 3d 192, 114 Cal. Rptr. 56↩ (5th Dist. Ct. App. 1974).
4. Since there has been no attempt to modify the decree, we do not reach the question of whether, for Federal tax purposes, a retroactive modification of the decree would have any effect. Compare Newman v. Commissioner, 68 T.C.     (July 11, 1977), and Johnson v. Commissioner,45 T.C. 530 (1966), with Van Vlaanderen v. Commissioner,175 F. 2d 389 (3d Cir. 1949), affg. 10 T.C. 706 (1948), and Daine v. Commissioner,168 F. 2d 449 (2d Cir. 1948), affg. 9 T.C. 47↩ (1947).