## CIRCUIT COURT OF WARREN COUNTY

Mabry

    v.

Stewart

### June 30, 1983

### Case No. (J&DR) A-633

## By JUDGE HENRY H. WHITING

This case is before the Court on a petition to require a father to increase a voluntary contribution he agreed to make for the support of his child to his divorced wife, who has custody of the child. The father has filed a cross-petition seeking indemnification for any sums paid for the support of the child because of a provision in a separation agreement by which the wife waived all demands for child support.

The parties were married in 1971, their only child was born December 25, 1972, and they separated on August 1, 1977. About two months after the separation, they entered into a written separation agreement in which they divided certain personal property, made provision for jointly held real property, as well as other adjustments for providing for division of property and payment of various indebtednesses. That agreement also vested custody of the child in the wife with a provision that the wife "waives all demands for child support and it being understood that this settlement is a total and complete release to the husband by the wife of all charges whatsoever" (paragraph 21). Almost exactly the same language was contained in paragraph 6, in which the wife

waived "all demands for alimony." Slightly less than a year later, the parties amended the agreement to terminate an obligation to maintain life insurance. This agreement was quickly followed by a divorce decree dated September 29, 1978, in which those two agreements, being found "fair and equitable, [they are] hereby ORDERED ratified, confirmed and approved." Apparently the husband paid nothing to support the child until November 1, 1979, when the parties executed a written agreement by which the husband agreed to pay $200.00 a month child support and the wife agreed to be responsible for "all expenses and necessities dealing with the care, welfare, and education of said minor son." The final paragraph of that agreement amends the original agreement which gave the wife the right to claim the child as an exemption to provide that the exemption would be "determined on a year-to-year basis according to the amounts contributed to the support and maintenance of said minor son by the respective parties." This agreement recited no consideration and was not notarized.

The wife filed a petition to increase the support payments on February 25, 1982, in the Juvenile and Domestic Relations District Court to $300.00 a month. That Court granted her prayer, requiring payments of $300.00 a month beginning April 30, 1982. The husband has appealed the award and the wife has amended her petition to increase her claim for child support from $300.00 a month to $500.00 per month.

The Court has heard the evidence of both parties, considered the extensive memoranda submitted and the case is now ready for decision.

(1) The first issue is as to the husband's liability for any child support. The parties now have agreed that the contract could not affect the child's right of support at all, and the annotations furnished all conclusively demonstrate that neither spouse may waive a child's right to future support. 100 ALR 3d 1129; 61 ALR 3d 657; *Phillips v. Phillips*, 186 P.2d 102 (Kan. 1947); *Allen v. Allen*, 292 P.2d 581 (D.C. of App. 1st Div. Cal. 1956). As the *Allen* case pointed out, the Court's power "to make necessary orders for the maintenance and support of the minor children. . . cannot be limited or abridged by any agreement between the parties." *Id.*, at 583. Virginia has recognized that principle in *Morris v. Morris*, 216 Va. 457

(1975), and *Carter* v. *Carter*, 215 Va. 475 (1975), both cases holding that the Court may always modify child support obligations despite a contract between the parties.

(2) Did the husband obligate himself to pay $200.00 per month child support in the agreement dated November 1, 1979? This agreement recites no consideration, is not under seal and appears to be a purely voluntary act on the husband's part. The only change of position made by the wife was an understanding that the husband might be entitled to claim the child as an exemption on his tax returns if the $200.00 per month provided the major support of the child. The husband still had the legal obligation to support the child despite this agreement. His agreement to perform that legal obligation requires no new consideration and is not a promise to make a gift. The document of November 1, 1979, was a memorial recognizing that obligation and setting forth an amount the husband and wife agreed to be reasonable at that time.

(3) May the husband recover reimbursement from the wife for any sums paid in excess of the amount he agreed to pay?

Both these parties were *sui juris*, and it was apparently the wife's lawyer who prepared the agreement. In paragraph 21 of that agreement, she waived "her demands" for child support and released the husband "of all charges whatsoever." Although this certainly does not bind the child, if the wife sought to compel contributions by the husband under ordinary rules of contract it would seem that the husband would be entitled to indemnity for any amounts paid in discharge of the obligation the wife had undertaken. There appears to be a surprising dearth of cases on this subject. The only case counsel have cited and the Court has been able to find is the case of *Innes* v. *McColgan*, 118 P.2d 855 (Cal. App. 1941). In that case, the husband settled a lump sum on the wife in return for which she agreed to support the children. Later the wife sought support alleging the children acquired additional sums for their support. In *dictum* the Court indicated that even though the wife could obtain a court award of the sums necessary for such support the husband might have a remedy against the wife for damages for breach of contract.

Indemnity might indirectly affect the child's ultimate support and should only be used where there has been a

clear and unequivocal creation of such a right. That has not been the case in this contract; indeed, paragraph 21 of the agreement is a waiver *by the wife* of all demands (against the husband) for child support. The agreement does not say that the wife will provide all child support or that the child's rights are waived. The husband's legal (and moral) obligation (with the wife) to provide such support continues no matter what the parties agree. If the husband had intended to require the wife to indemnify him against child support it would have expressly been so stated because it is the child's right and not the wife's right which is being asserted here.

(4) What amount should be awarded over the $200.00 a month already agreed to be paid by the husband?

The burden is upon the wife to establish a material change in condition and circumstances. *Featherstone* v. *Brooks*, 220 Va. 443, 446, 447 (1979). After a careful review of the evidence presented, including the affidavits, supplemented by a bill of particulars filed by the wife, the Court is of the opinion that the wife has failed to carry her burden of proof of such a material change of condition. The wife does not include her present husband's income in her latest affidavit dated September 9, 1982, filed in this Court although the evidence shows that they are living together in the same household. The earlier affidavit filed by the wife shows that he has an income almost equal to hers and while he has no obligation to support the stepson the Court cannot ignore the fact that he is sharing the same house with his wife and the stepson. Also, the Court cannot ignore the fact that the wife has an equal obligation to support this child with her husband, and her income is such as to permit this, especially considering the fact that she is sharing the expenses of the house with her present husband. The Court notes that the combined monthly income of Mr. and Mrs. Mabry net of taxes is $1,732.00 while Mr. Stewart's income net of taxes is approximately $1,400.00 to $1,900.00, depending upon his overtime. Apparently Mr. Stewart's present wife is not working, and her income is shown at only $200.00 a month. The Court does not believe the wife has established the reasonable expenses of this child exceed the sum of $400.00 a month, and there seems no reason why each parent should not contribute equally to his support and maintenance.