[Civ.No. 33589. Second Dist., Div. One. July 9, 1969.]

JACK W. MOORE, Plaintiff and Respondent, v. HELEN GAYLE MOORE, Defendant and Appellant.

Mark F. Jones, Jr., for Defendant and Appellant.

Robert P. Amacher for Plaintiff and Respondent.

FOURT, J.—This is an appeal from an order requiring the defendant and cross-complainant (mother) to contribute a sum for the partial support and maintenance of two of her children.

Originally the plaintiff husband and father of the children brought an action in divorce from the defendant wife and mother of the children. The wife and mother cross-complained for divorce. The parties made and entered into a property settlement agreement. It was then stipulated that the complaint and answer to the complaint and answer to the cross-complaint be deemed withdrawn and that the default of cross-defendant (husband and father) be entered. The interlocutory decree of divorce (July 23, 1962) provided that the agreement was approved and the parties were ordered to perform the executory provisions thereof, after which the agreement was set forth in full in the judgment. The custody of the

three then-minor children (two girls and one boy) was awarded to the wife and mother and the husband and father was ordered to pay to the wife and mother the sum of $175 monthly for the support and maintenance of said children ($58.34 for each child). The children were not to be removed from California without the written consent of the other parent first had or the order of the court. On August 15, 1963, a final judgment of divorce was granted on the cross-complaint. The provisions of the interlocutory judgment were adopted in the final judgment.

On November 21, 1967, a stipulation was made and entered into by the parties and their respective counsel to the effect that the custody of the children be awarded to the husband and father (cross-defendant) of said children subject to the mother's right of visitation and that the husband and father of said children pay no more support for the children to the mother of said children. Each of the parties to the action was remarried subsequent to the final judgment of divorce.

On February 16, 1968, the husband and father of the children filed a declaration wherein it was stated in effect that the boy was then in Douglas, Wyoming (where he had been sent by his mother without the father's consent) and that he wanted to come home, that to have the boy would require added living quarters, that a paper products company of the cross-defendant and father of the children had gone out of business thereby cutting off expected income, that the youngest daughter was about to graduate from high school and desired to go to college. The father requested that the mother be ordered to pay for the children's partial support or maintenance. An order to show cause was issued and a hearing was had thereon. The court found that the father's expenses for two of the children (the oldest child was married and consequently is now of no concern in this proceeding) residing with him were in excess of $250 per month, that his expenses for the new residence for himself and the children would be $225 per month commencing April 1, 1968, that the mother earned $380 per month take-home pay as her salary from her employment and that such earnings were within the language of section 171c of the Civil Code[1] and were available for her

[1] "§ 171c. [Management and control by wife of community property earned by her and community property personal injury damages: Comingling: Payment of expenses of personal injuries: Limitations on disposition of community property: Construction of section.]

"Notwithstanding the provisions of Section 161a and 172 of this code, the wife has the management and control of the community personal

separate obligations, that she had the ability to contribute $80 per month toward the support of said children (allocated $40 per month per child). The court then ordered that the order of November 21, 1967, be modified in that the mother of said children should pay to the father the sum of $40 a month per child commencing April 1, 1968, and continuing until the further order of the court. A timely notice of appeal from the order was filed.

 Appellant now asserts that the court is without jurisdiction to modify the order of child support for the reason that there had been no change in circumstances after the date of the order of November 21, 1967, and that the father was primarily liable for the support of the children and the mother was only secondarily liable therefor and no showing was made that the father was unable adequately to support the children.

Section 196 of the Civil Code provides as follows: "§ 196. Obligation of parents for the support and education of their children. The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability." The fact that the father of the children has the physical custody of the children makes him primarily liable for their support, however it is clear that there is a secondary liability imposed upon the mother of the children. (See *Blair* v. *Williams,* 86 Cal.App.

property earned by her, and the community personal property received by her in satisfaction of a judgment for damages for personal injuries suffered by her or pursuant to an agreement for the settlement or compromise of a claim for such damages, until it is commingled with community property subject to the management and control of the husband, except that the husband may use such community property received as damages or in settlement or compromise of a claim for such damages to pay for expenses incurred by reason of the wife's personal injuries and to reimburse his separate property or the community property subject to his management and control for expenses paid by reason of the wife's personal injuries.

"The wife may not make a gift of the community property under her management and control, or dispose of the same without a valuable consideration, without the written consent of the husband. The wife may not make a testamentary disposition of such community property except as otherwise permitted by law.

"This section shall not be construed as making such earnings or damages or property received in settlement or compromise of such damages the separate property of the wife, nor as changing the respective interests of the husband and wife in such community property, as defined in Section 161a of this code. [Amended by Stats. 1968, ch. 458, § 2, effective July 3, 1968.]"

676, 680 [261 P. 539]; *Metson* v. *Metson,* 56 Cal.App.2d 328, 333 [132 P.2d 513]; *Newell* v. *Newell,* 146 Cal.App.2d 166, 178 [303 P.2d 839]; *Chapin* v. *Superior Court,* 239 Cal.App. 2d 851, 856 [49 Cal.Rptr. 199]; *Nunes* v. *Nunes,* 62 Cal.2d 33, 39 [41 Cal.Rptr. 5, 396 P.2d 37]; *Stargell* v. *Stargell,* 263 Cal.App.2d 504, 509-510 [69 Cal.Rptr. 715].)

"No precedents are found which specifically define the criteria to determine when the father is or is not able to give adequate support. Plaintiff contends that so long as the father has any resources at all the mother cannot be required to pay. ■■ It is true that when neither the child nor the mother has any resources the father may be compelled to resort to his capital. [Citations.] That principle does not, however, preclude examination of other resources available to the child either from his own estate or from his mother. In many cases the courts have considered other available resources in determining the extent to which the father should contribute to the support of the child. [Citations.] ■■ 'The trial court has the power to require either father or mother or both to assist in the support of minor children (Civ. Code, § 196), and the community property, quasi-community property, and the separate property may be subjected to the support of children (Civ. Code, § 143).' [Citations.]

■■ "It is concluded that the test under the provisions of section 196 of the Civil Code is not an absolute test dependent upon whether the husband has any resources at all to furnish adequate support for his child, but a relative test in which the legitimate needs of the child must be whittled down or expanded in accordance with resources available from his parents. Their relative contributions in turn must depend on the urgency of the needs of the child and the relative hardship to each parent in contributing to such needs. ■■ The weighing of these variables is a matter which must be committed to the sound discretion of the trial court and should not be upset in the absence of an abuse in the exercise of such discretion. [Citation.]

"Secondly, plaintiff contends that there was an abuse of discretion in that the defendant failed to show any adverse change of circumstances which would justify a modification of the preexisting stipulation which had left custody and the obligation of support with the father. The trial court made such a finding . . . . 'The income and resources of defendant Julian Levy are insufficient to pay all of such expenses. 4.

Plaintiff, Marjorie Levy, has the ability to assist the defendant in providing support, maintenance and treatment for Bruce Levy.'" (*Levy* v. *Levy*, 245 Cal.App.2d 341, 358-359 [53 Cal.Rptr. 790].)

■ The mother of the children here asserts that the father failed to show any adverse change of circumstances which would justify a modification of the preexisting stipulation which had provided for custody of the children with the father and had provided that he no longer should be required to pay the mother for the support or maintenance of the children. ■ A child support order can be modified where the parties have stipulated as to the amounts of such support or where the decree is silent as to the amount of support. (See *Garrett* v. *Garrett*, 258 Cal.App.2d 407 [65 Cal.Rptr. 580]; *Ackerman* v. *Superior Court*, 221 Cal.App.2d 94 [34 Cal.Rptr. 182]; *Washington* v. *Washington*, 163 Cal.App.2d 129 [329 P.2d 115]; *Bradford* v. *Bradford*, 94 Cal.App.2d 921 [212 P.2d 59].)

■ As heretofore stated, in this case the order changing the custody from the mother to the father was by stipulation and was silent with reference to the support of the children. The court had the power to make the order for the support of the children: one sufficient reason would be to preclude the possibility that the children would be made public charges. All that was necessary under the circumstances was that the court find that the children needed support, that the mother had the ability to provide a part of such support and that adequate support could not be furnished by the father. Without detailing the evidence, suffice it to say that it is clear from the record that the children admittedly needed support, that the mother of said children was earning a sufficient sum so that she could contribute $40 per month towards the support of each of the two children residing with the father and that the father had added expenses, that one of his ventures had gone out of business, and that obviously he had less money with which to pay larger bills than previously.

We find no abuse of discretion in this case.

The order is affirmed.

Wood, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied July 30, 1969.