[Civ. No. 47546. Second Dist., Div. Four. Aug. 19, 1976.]

In re the Marriage of JULIA B. and EDDIE MULDROW.
JULIA B. MULDROW, Respondent, v.
EDDIE MULDROW, Appellant.

COUNSEL

Williamson, Wayne & Steiner and Jonathan B. Steiner for Appellant.

Julia B. Muldrow, in pro. per., for Respondent.

OPINION

**JEFFERSON (Bernard), J.**—Respondent husband Eddie Muldrow has appealed from an order made in the family law court, denying him relief sought, namely, that his former wife, petitioner Julia Muldrow, be required to assist him with the support of their four minor children, who live with respondent and are in his custody. We hold that the order made below constituted an abuse of discretion, and, consequently, we reverse it.

The case comes before us upon an engrossed statement of facts in lieu of the usual reporter's and clerk's transcripts, duly reviewed and signed by the trial judge.[1] The record establishes the following facts: petitioner Julia[2] secured an interlocutory judgment of dissolution from respondent Eddie on May 3, 1973; this judgment was entered on May 7, 1973, and awarded custody of the Muldrow children to petitioner; the children were James, aged 15; Reginald, aged 13; Timothy, aged 12, and Janice, aged 10. It was further ordered that respondent Eddie pay the sum of $80 per month per child, a total of $320 per month, toward the support of the minor children. The interlocutory judgment, however, did not make a final disposition of the ownership of the family home of the parties, since title was held to be in joint tenancy. The judgment provided, however, that the party *in residence* should maintain it financially (payment of the trust deed, repairs and taxes), and that the home should be sold at a time when the parties shall mutually agree to a sale. The judgment also provided that the trial court retained jurisdiction to make future orders concerning the sale of the residence.

---

[1] Pursuant to rule 7 of the California Rules of Court.

[2] Petitioner is no longer represented by her trial counsel, and has not filed any brief on appeal.

Respondent father has had actual physical custody of the children since about April 1, 1973; since that date, the children have been living with their father in Los Angeles, at the home maintained by him.

On July 8, 1974, respondent father filed an order to show cause seeking modification of child custody and support. He asked that the noncustodial parent, the mother, Julia, be ordered to pay to him, for support of the minor children, $80 per child per month, a total of $320. He also sought to have the home of the parties awarded to him as his sole and separate property, declaring that repairs were needed and could not be obtained due to the uncertain status of the title of the property. The financial and other declarations filed by respondent husband showed that he was a cook by occupation, aged 53, but had been unemployed since November 1973; that his total monthly income was $360 per month; that the sum of $146 was paid on the family home. Estimated expenses of maintaining himself and the four children at a reasonable level of subsistence amounted to $1,006 per month; this included $200 per month for food. Respondent father declared that he had received no financial assistance from petitioner mother since April 1, 1973.

Petitioner mother Julia also filed declarations, indicating that she had no objection to respondent's being awarded the legal custody of the children, stating that she would "waive" support payments while they were with him, but that she did object to the imposition of a support order which would require her to render financial assistance to the children. Petitioner mother further declared that she was aged 36, employed as a postal clerk, with a gross monthly income of $948 per month, and with a net income of $611.48 per month;[3] petitioner mother asserted that her monthly expenses amounted to $980 per month. Petitioner was residing in a two-bedroom apartment, renting for $210 per month, and was spending, according to her estimate, $150 per month for food, and $139 for rental of a car. Installment obligations amounted to $208 per month; they included balances with Torrance Furniture, $300; Goodyear Tire, $300; Penney's Department Store, $527; Broadway Department Store, $137; May Company Department Store, $212; Master Charge bank obligations, $500; Bankamericard bank balance, $500; and Dial Finance Company, $325. No claim was made by petitioner mother that any of these obligations represented financial assistance to the minors since April 1, 1973, or before that date.

---

[3]Net income here should be increased to include the voluntary deduction of a savings bond of $18.75; this represents spendable income. Petitioner's net income, therefore, amounts to a minimum of $630.23 per month.

The order to show cause matter came on for hearing on July 23, 1974. The trial court modified the interlocutory judgment as to the custody of the children only, and denied respondent's request for child support and property-title modification. No mention was made of the housing problem in the trial court's order. Petitioner's request for attorney fees also was denied.[4]

We review briefly the applicable statutory law. Since 1872, Civil Code section 196 has provided that "[t]he parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a [legitimate][5] child is able to give are inadequate, the mother *must* assist him to the extent of her ability." (Italics added.) In addition, Civil Code section 243 provides, inter alia, that "[e]very woman shall support her child . . . ." Finally, section 4700 of the Civil Code (the Family Law Act of 1970) states, in pertinent part, that: "(a) In any proceeding where there is at issue the support of a minor child, the court may order *either* or both parents to pay any amount necessary for the support, maintenance, and education of the child. Upon a showing of good cause, the court may order the parent or parents required to make such payment of support to give reasonable security therefor. *All payments of support shall be made by those persons owing such amounts prior to the payment of any debts owing to creditors. . . .*" (Italics added.)[6]

Long before the enactment of section 4700 of the Family Law Act, the courts of this state unequivocally recognized the obligation imposed on *both parents* to provide support for their minor children. In *Nunes* v. *Nunes* (1964) 62 Cal.2d 33, 39 [41 Cal.Rptr. 5, 396 P.2d 37], the California Supreme Court expressed this view by stating: "The trial court has the power to require either father or mother or both to assist in the support of minor children (Civ. Code, § 196), and the community property, quasi-community property, and the separate property may be subjected to the support of children (Civ. Code, § 143)."

The decisional law of this state specifically requires *mothers* to contribute to the support of their minor children. Examples of this

---

[4]On this appeal, respondent does not claim as error those portions of the trial court's order that denied his request for property-title modification or attorney fees. Insofar as the real property is concerned, the trial court had no power to change the title from joint tenancy and award the property to plaintiff as his separate property.

[5]The word "legitimate" was deleted by a 1975 amendment to the section.

[6]The latter italicized portion of the statute was added to the text by amendment in 1972.

principle are set forth in the following decisions: *Levy* v. *Levy* (1966) 245 Cal.App.2d 341, 358-359 [53 Cal.Rptr. 790]; *Chapin* v. *Superior Court* (1966) 239 Cal.App.2d 851, 856 [49 Cal.Rptr. 199]; and *Moore* v. *Moore* (1969) 274 Cal.App.2d 698 [79 Cal.Rptr. 293].

In *Moore,* the court adopted with approval language found in *Levy,* wherein it was stated that section 196 of the Civil Code provided the basis for requiring the assistance of *both* parents when needed for the support of the minor children. *Levy* observed that "[the parents'] relative contributions . . . must depend on the urgency of the needs of the child and the relative hardship to each parent in contributing to such needs." (*Levy, supra,* 245 Cal.App.2d 341, at p. 359.)

In a very recent statement, the California Supreme Court summarized the prevailing law in this area as follows: "There is a statutory obligation of child support imposed on parents. [Citations.] This obligation continues *notwithstanding the parents' lack of custody* [citation] . . . . The extent of the parental support obligation is left to the sound discretion of the court [citations] and the trial court's order will not be disturbed on appeal unless that discretion is abused. [Citation.]" (*Armstrong* v. *Armstrong* (1976) 15 Cal.3d 942, 947 [126 Cal.Rptr. 805, 544 P.2d 941].) (Italics added.)

■ It is very clear, therefore, that the trial court in the instant case had a duty to exercise an informed and considered discretion with respect to the mother's support obligation of her children, and the power to require Julia Muldrow to contribute to her children's support. The basic issue in the instant case is whether the denial of relief constituted an abuse of the trial court's discretion. In *Armstrong,* reference is made to the trial court's "sound discretion." ■ This we equate with the term, "judicial discretion," described in *In re Cortez* (1971) 6 Cal.3d 78, 85-86 [98 Cal.Rptr. 307, 490 P.2d 819], as a term which " 'implies absence of arbitrary determination, capricious disposition or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason. [Par.] To exercise the power of judicial discretion all the material facts in evidence must be both known and considered, together also with the legal principles essential to an informed, intelligent and just decision.' " (Fn. omitted.)

■ In our view the decision in the instant case failed to meet the standard required for the exercise of judicial or sound discretion. The

decision below, therefore, constitutes an abuse of discretion. The record abundantly establishes the needs of the children, the primary fact necessitating parental assistance. The Muldrow children, all teenagers or preteenagers, required as much food, clothing and other items as they would probably ever need, in amounts which respondent was hard pressed to provide alone.

The record also establishes the *ability* of this petitioner mother, whether viewed relative to the respondent father or otherwise, to contribute to the task at hand. Had the roles in this lawsuit been reversed, with respondent father the employed spouse, we have no doubt that .the trial court would have felt obligated to impose a support obligation upon him; it should have felt obligated to impose a support obligation upon the petitioner mother here, as the statutory and decisional law compelled it, under the circumstances presented.

There is no rational basis for excusing the mother in the instant case from her support obligation. Civil Code section 4700 now specifically provides that an indebted parent cannot escape liability for the paramount obligation to support the parent's children because of indebtedness such parent has created. The record establishes that petitioner has created considerable debt in relation to her income, but that does not support or justify the order made below. From the record, it appears that while both parties are in modest circumstances, the mother is enjoying a standard of living, relatively speaking, far superior to that of the children she has chosen to ignore.

Respondent father argues on this appeal that the decision of the trial court was essentially a *sexist* one and, as such, constituted a violation of the equal protection clauses of the United States and California Constitutions. It may well be that the trial court made the antiquated assumption that a female need not be held to the same standard of support as a male would be held to under similar circumstances. But we do not approach the matter as one having constitutional dimension. The order made simply exceeded the bounds of reason and constituted a clear abuse of discretion by the trial court.

Thus, the case must be returned to the trial court. Imposition of a support order is to be made in such amount as the trial court, in the exercise of sound discretion, deems just; further, that order is to be made effective from the date the respondent filed the order to show cause. If, because of change of circumstances, a different order is indicated at the

time this matter is reconsidered below, that order may be made effective from the date of the new hearing.

The order appealed from is reversed.

Appellant husband shall recover costs on this appeal.

Kingsley, Acting P. J., and Dunn, J., concurred.