[Civ. No. 22942. Fourth Dist., Div. One. May 22, 1981.]

In re the Marriage of JOYCE M. and CHARLES D. THOMAS.
JOYCE M. THOMAS, Appellant, v.
CHARLES D. THOMAS, Respondent.

## COUNSEL

Michael C. Shea for Appellant.

Richard J. Annis for Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Joyce and Charles Thomas were granted an interlocutory judgment dissolving their marriage in April 1976. The judgment incorporated an appearance, stipulation and waiver awarding Joyce custody of the parties' three minor children and requiring Charles to pay $125 monthly child support for each child. Both parties have remarried, though Joyce is separated from her new husband. At Charles' request, the court reduced child support in June 1980 to $100 monthly per child. Joyce appeals.

Joyce contends the court erred in modifying child support because Charles did not allege or prove any change in circumstances justifying the modification. The court may modify a child support order where the parties have stipulated to the amount of support; modification does not

always require a showing of changed circumstances and in certain cases may be justified by current circumstances. (See *Moore* v. *Moore* (1969) 274 Cal.App.2d 698, 703 [79 Cal.Rptr. 293].) In 1976 no evidence was presented and the court made no findings about the parties' financial circumstances. (See *Sande* v. *Sande* (1969) 276 Cal.App.2d 324, 327 [80 Cal.Rptr. 826].) In 1980 the court was required for the first time to litigate the conflict between the parties about the proper amount of child support. ■ Because there was no court record of the parties' 1976 circumstances, when neither party presented any evidence on the issue, the court in 1980 had before it evidence of their current circumstances only. In the absence of any evidence of circumstances under which the earlier order was made, the court acted within its discretion in granting Charles' motion based solely upon the evidence the parties presented about their circumstances at the time Charles sought modification.

Our decision should not be construed as discouraging parties from entering into stipulated dispositions because of the concern they will later be upset without a showing of changed circumstances. Parties may either include in their stipulation the relevant circumstances on which it is based or, at either interlocutory time or on motion to modify, file a financial declaration or otherwise show his or her version of the circumstances. (See rule 1243, Cal. Rules of Court.) On motion to modify the resisting party may assert and show the lack of change as a bar to the motion. The record does not show any of these things was done in this case.

The judgment is affirmed.

Wiener, J., and Langford, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.